# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF NORTH CAROLINA
### CHARLOTTE DIVISION

CASE NO.: 3:26-cv-338

JEREMY & LAUREN DEBERRY,

     Plaintiff(s),

v.

NATIONWIDE GENERAL INSURANCE
COMPANY,

     Defendant.

_____/

## COMPLAINT

   COME NOW, Plaintiffs JEREMY DEBERRY and LAUREN DEBERRY (hereinafter "Plaintiffs"), by and through the undersigned counsel, and sue Defendant NATIONWIDE GENERAL INSURANCE COMPANY (hereinafter "Defendant" or "Nationwide"), and allege the following:

## JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a) because there is complete diversity of citizenship between Plaintiffs (citizens of North Carolina) and Defendant (a foreign corporation organized under the laws of Ohio with its principal place of business in Ohio), and the amount in controversy exceeds $75,000, exclusive of interest and costs, particularly when trebled under North Carolina's Unfair and Deceptive Trade Practices Act.

2. Venue is proper in the Western District of North Carolina, Charlotte Division, pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the

claims occurred in this District, specifically in Union County, North Carolina (part of the Charlotte metropolitan area), where the insured property is located.

## GENERAL ALLEGATIONS

3. At all times relevant hereto, Plaintiffs were the owners of the property located at 1005 Horton Ridge Ct, Indian Trail, NC 28079 (hereafter "Property").

4. In consideration of premiums paid by Plaintiffs, Defendant issued Plaintiffs a valid, binding, and enforceable policy of insurance bearing policy number 6132HR000281 (hereafter "Policy"), that insured the Property. A true and correct copy of the Policy is incorporated herein by reference.

5. On or about July 19, 2025, the Property suffered direct physical loss and damage as a result of a covered plumbing failure (shower-pan leak behind the tile in the master bathroom), causing water migration into, but not necessarily limited to, the master bathroom, subfloor, and ceiling below.

6. Plaintiffs timely reported the loss to Defendant and submitted Claim No. 627527-GQ.

7. Plaintiffs promptly retained a certified mold assessor who issued a detailed remediation protocol on August 19, 2025.

8. Plaintiffs also retained a mitigation contractor who performed work consistent with the mold protocol and the covered loss. The contractor issued a mitigation invoice totaling $22,802.00 (net balance $15,834.12 after credits).

9. Plaintiffs' public adjuster also prepared a detailed reconstruction estimate for the necessary repairs and formally demanded full payment in the amount of $29,763.96 for the repair scope, which Defendant has refused to pay.

10. Defendant's own engineer confirmed the cause of loss as shower-pan failure but later issued an addendum noting that the appropriateness of the full remediation scope could not be conclusively assessed from photographs alone.

11. Despite the covered peril and the engineer's report, Defendant issued a grossly inadequate estimate of approximately $6,783.10 limited to shower-pan access and ceiling repair only.

12. On October 2, 2025, Defendant issued its partial denial of coverage for the additional bathroom demolition and reconstruction, claiming the work was "outside the approved scope" and "unrelated to the covered loss." This coverage decision was reached before Defendant requested any further engineering review of the mitigation photographs or work performed.

13. Only on or about October 21, 2025—nearly three weeks after the denial letter was issued—did Defendant ask its engineer to prepare an addendum reviewing the mitigation photographs. The addendum, sealed October 24, 2025, produced no substantive change to the denial and offered no meaningful explanation or revised coverage position. This sequence demonstrates that the addendum was pretextual and performative rather than part of a reasonable investigation.

14. After Plaintiffs retained a public adjuster in October 2025, Defendant triggered a Special Investigation Unit (SIU) inquiry that appears to have been used punitively rather than as a legitimate investigative tool.

15. On October 9, 2025, the public adjuster sent Defendant formal notice of representation. Defendant continued to delay and refuse substantive engagement.

16. On February 27, 2026, Plaintiffs retained undersigned counsel, who immediately transmitted a signed Letter of Representation directing all communications exclusively through counsel.

17. Despite multiple notices of representation, Defendant's adjuster, Tanya Ferguson, contacted Plaintiffs directly by telephone immediately after receiving counsel's signed LOR. During that call, Ms. Ferguson questioned who counsel was, whether counsel represented them, and what information they had provided counsel. Plaintiffs reported feeling harassed and bullied by the tone and nature of the call.

18. Defendant has engaged in repeated delays and non-responses to extensive communications from both the public adjuster and counsel, including formal demands sent November 13, 2025, through January 19, 2026.

19. All conditions precedent to recovery under the Policy have been satisfied by Plaintiffs or otherwise waived by Defendant.

## COUNT I
### Breach of Contract (Claim Number: 627527-GQ)

20. Plaintiffs reincorporate Paragraphs one (1) through nineteen (19) as if fully set forth herein.

21. The Policy is a valid and enforceable contract between Plaintiffs and Defendant that provides coverage for direct physical loss to the Property, including the plumbing failure and resulting water damage, as well as reasonable mitigation expenses incurred to prevent further damage.

22. Plaintiffs performed all conditions precedent under the Policy.

23. Defendant breached the Policy by failing to pay the full amount owed for the covered loss, including failing to adequately adjust and pay the full scope of dwelling repairs, mitigation costs, and related damages.

24. As a direct and proximate result of Defendant's breach, Plaintiffs have suffered damages, plus interest, costs, and attorneys' fees.

**COUNT II**
**Unfair and Deceptive Trade Practices (N.C. Gen. Stat. 75-1.1)**

25. Plaintiffs reincorporate Paragraphs one (1) through twenty-four (24) as if fully set forth herein.

26. Defendant's handling of Plaintiff's claim constitutes unfair and deceptive acts or practices in or affecting commerce in violation of N.C. Gen. Stat. § 75-1.1, including, but not limited to, the following practices made unlawful under N.C. Gen. Stat. § 58-63-15(11), which are per se violations of § 75-1.1:

a. Failing to acknowledge and act reasonably promptly upon communications with respect to claims arising under insurance policies, in that Defendant failed to provide any substantive response to the public adjuster's formal demand letter of November 13, 2025, or to counsel's signed Letter of Representation dated February 27, 2026;

b. Failing to adopt and implement reasonable standards for the prompt investigation of claims arising under insurance policies, in that Defendant triggered a Special Investigation Unit inquiry only after Plaintiffs retained a public adjuster and used it punitively rather than as a legitimate investigative tool;

c. Refusing to pay claims without conducting a reasonable investigation based upon all available information, in that Defendant issued its partial denial on October 2, 2025—before requesting any further engineering review of the mitigation photographs—and then obtained a pretextual addendum report (sealed October 24, 2025) that produced no substantive change or explanation for the denial;

d. Not attempting in good faith to effectuate prompt, fair, and equitable settlements of claims in which liability has become reasonably clear, in that Defendant offered only $6,783.10 despite its own engineer confirming a covered shower-pan failure and despite Plaintiffs' documented mitigation and reconstruction costs exceeding $45,000;

e. Compelling insureds to institute litigation to recover amounts due under an insurance policy by offering substantially less than the amounts ultimately owed, in that Defendant has stonewalled for more than eight months through repeated non-responses to the public adjuster's demands (November 13, December 2, December 18, and January 19, 2026) and counsel's cease-and-desist demand; and

f. Misrepresenting pertinent facts or insurance policy provisions relating to coverages at issue, including artificially limiting the scope of a covered loss after Plaintiffs had already performed reasonable mitigation work consistent with the certified mold protocol and the covered peril.

27. Additional aggravating circumstances include Defendant's refusal to honor multiple notices of attorney representation, its direct ex parte contact with Plaintiffs immediately after receiving counsel's signed LOR (causing Plaintiffs to feel harassed and bullied), and its issuance of a pretextual addendum engineer report after the coverage denial had already been issued.

28. These actions were not the result of an honest disagreement or innocent mistake but involved aggravating circumstances that demonstrate bad faith.

29. As a direct and proximate result of Defendant's unfair and deceptive trade practices, Plaintiffs have suffered actual injury and are entitled to treble damages pursuant to N.C. Gen. Stat. § 75-16 and attorneys' fees pursuant to N.C. Gen. Stat. § 75-16.1.

   **WHEREFORE**, Plaintiffs JEREMY DEBERRY and LAUREN DEBERRY demand judgment against Defendant NATIONWIDE GENERAL INSURANCE COMPANY for all insurance benefits due and owing, with interest on overdue payments, costs pursuant to N.C. Gen. Stat. § 7A-305, attorneys' fees pursuant to N.C. Gen. Stat. § 75-16.1, treble damages pursuant to N.C. Gen. Stat. § 75-16, and such other relief as this Court deems just and proper.

### DEMAND FOR JURY TRIAL

Plaintiffs demand a trial by jury on all issues so triable.

/s/ Nicholas Ciani
Nicholas Ciani, Esq.
Bar No.: 63512
Attorney for Plaintiffs
Ciani Law, PLLC
1529 NE 17th Terr.
Fort Lauderdale, FL 33304
Email: manager@ciani.law
Tel: (954) 654-4445